[Cite as *Ross v. Ohio Dept. of Transp.*, 2011-Ohio-3779.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANGELA ROSS

     Plaintiff

     V.

OHIO DEPT. OF TRANSPORTATION

     Defendant

     Case No. 2010-12915-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1}   Plaintiff, Angela Ross, filed this action against defendant, Department of Transportation (ODOT), contending her 2007 Pontiac G6 was substantially damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on US Route 250 in Erie County.  Specifically, plaintiff advised two tires, two rims, and tie rods on her car were damaged when the vehicle struck "a chunk of concrete" laying on the traveled portion of the roadway.  Plaintiff recalled the described incident occurred on December 9, 2010 at approximately 11:15 p.m.  In her complaint, plaintiff requested damage recovery in the amount of $1,020.52; representing claims for replacement parts, related repair expenses, and car rental insurance costs.  Plaintiff submitted the $25.00 filing fee and requested reimbursement of that cost along with her damage claim.  In her complaint, plaintiff reported she maintains insurance coverage for damage to her car with a $500.00 deductible provision and acknowledged she received payment of $385.85 from her insurer to cover the cost of vehicle repair.  Pursuant to R.C. 2743.02(D), plaintiff's damage claim for repair expense is limited to her insurance

coverage deductible,[1] plus her claim for car rental insurance costs.

**{¶ 2}** Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the damage-causing debris condition prior to plaintiff's incident. Defendant located the debris between mileposts 10.63 and 11.75 on US Route 250 in Erie County and advised ODOT did not receive any calls or complaints for debris at that location despite the fact the particular "section of roadway has an average daily traffic count between 16,260 and 20,030 vehicles." Defendant suggested, "that the debris existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant asserted plaintiff failed to establish the length of time the concrete debris existed on the roadway prior to 11:15 p.m. on December 9, 2010. Defendant further asserted plaintiff failed to establish the damage-causing debris condition was attributable to any conduct on the part of ODOT.

**{¶ 3}** Defendant related the ODOT "Erie County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no concrete debris were discovered between mileposts 10.63 and 11.75 on US Route 250 the last time that section of roadway was inspected before December 9, 2010. The claim file is devoid of any inspection record. Defendant did submit a six-month maintenance history of the specific roadway area in question which recorded twenty-nine maintenance operations were conducted in the area between June 7, 2010 and December 3, 2010 and according to defendant, "if ODOT personnel had found any debris it would have been picked up." Additionally, defendant submitted records showing ODOT personnel conducted snow removal operations on roadways in Erie County from December 5, 2010 through December 9, 2010. No evidence has been submitted to establish that the concrete debris plaintiff's car struck was connected in any way to ODOT snow removal efforts.

**{¶ 4}** For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy*

---

[1] R.C. 2743.02(D) states:

"(D) Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant. This division does not apply to civil actions in the court of claims against a state university or college under the circumstances described in section 345.40 of the Revised Code. The collateral benefits provision of division (B)(2) of that section

*Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 7} Defendant professed liability cannot be established when requisite notice of the damage-causing conditions cannot be proven. Generally, defendant is only liable for roadway conditions of which it has notice, but fails to correct. *Bussard*. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively caused such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff has failed to produce any evidence to prove that her property damage was caused by a defective condition created by ODOT or that

apply under those circumstances."

defendant knew about the particular debris condition prior to 11:15 p.m. on December 9, 2010.

{¶ 8}   Ordinarily, to recover in any suit involving injury proximately caused by roadway conditions including debris, plaintiff must prove that either:  1) defendant had actual or constructive notice of the debris condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant in a general sense, maintains its highways negligently.   *Denis v. Department of Transportation* (1976), 75-0287-AD.  Plaintiff has not provided any evidence to prove that ODOT had actual notice of the damage-causing condition.  Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition as evidence to establish negligent maintenance.

{¶ 9}   "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge."  *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429.  "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards."  *Bussard*, at 4.   "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation."  *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183.  In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence.  *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 10} Plaintiff has not produced any evidence to indicate the length of time that the concrete debris was present on the roadway prior to the incident forming the basis of this claim.  Plaintiff has not shown that defendant had actual notice of the condition.  Also, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the concrete debris appeared on the roadway.  *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.  There is no indication that defendant had constructive notice of the concrete debris on the roadway.

{¶ 11} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Defendant submitted evidence showing that ODOT personnel were periodically performing work activities on the particular section of US Route 250 where plaintiff's damage incident occurred. Plaintiff has failed to provide sufficient evidence to prove that defendant maintained a hazardous condition on the roadway which was the substantial or sole cause of her property damage. Plaintiff has failed to prove, by a preponderance of the evidence, that any ODOT roadway maintenance activity created a nuisance. Plaintiff has not submitted evidence to prove that a negligent act or omission on the part of defendant caused the damage to her property. *Hall v. Ohio Department of Transportation* (2000), 99-12963-AD.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANGELA ROSS

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2010-12915-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Angela Ross
207 Schiller Avenue
Sandusky, Ohio 44870

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

RDK/laa
3/30
Filed 4/20/11
Sent to S.C. reporter 7/29/11